## Jonas Chaffin *vs.* Royal H. Chaffin.

The interest acquired by a deed from executors, duly authorized to convey, of " all the estate of which their testator died seized and possessed " at a certain place, " subject to all limitations, charges and restrictions under which he held the same, reference being had to the several deeds made to and by said testator for the ascertainment of what is intended hereby to be conveyed," is subject to rights granted by a deed of the testator, of which the grantee from the executors had no actual notice, and which was not recorded until after his deed.

Action of tort for the disturbance of a right claimed by the plaintiff to take water to irrigate his farm by means of a ditch leading from a stream in Holden, below the defendant's reservoir dam and above the defendant's mill.

At the trial in the court of common pleas, before *Perkins,* J. it was admitted that in 1800 Jesse Lovering, who then owned both estates, conveyed the mill estate to David Braman, reserving to the owner of the farm the right to take the water in the manner now claimed by the plaintiff, and that this right was exercised from 1800 to 1850, and recognized in various conveyances of both estates.

The defendant justified the obstruction of the ditch, on the ground that he needed the water for the purposes of his mill; and gave in evidence two deeds, one from the plaintiff to James Lees, dated March 20th 1850, and recorded on the 14th of May 1850, and conveying, with covenants of warranty, the land on which the defendant's dam stands, with the right to raise the water to a greater height, and for a longer part of the year, than it had been before; the second made to the defendant by the executors of James Lees, pursuant to a power given them by his will, dated and recorded on the 2d of April 1853, and granting " all the lands, dams, rights of flowing and privileges belonging to said Lees, which he acquired by deeds or otherwise from Jonas Chaffin and others for the purpose of flowing and raising a reservoir above the old turnpike, so called, in Holden, however the same may be bounded or described; meaning to convey all the estate of which said Lees died seized and possessed, at, near or around

said mills, and at, under and around said reservoir pond, and subject to all limitations, charges and restrictions under which he held the same, reference being had to the several deeds made to and by said Lees, for the ascertainment of what is intended hereby to be conveyed and quitclaimed."

The plaintiff gave in evidence a quitclaim deed from James Lees to the plaintiff, bearing date of the 20th of March 1850, and recorded on the 29th of June 1853, of " the right to take water from the stream flowing from Cedar Swamp Meadow, below the dam at the outlet of said meadow, to turn upon his land, as said water has heretofore been taken and used, and according to the exception contained in said deed" from Lovering to Braman.

The plaintiff offered to prove that Lees, at the time of giving the deed to the plaintiff, said that he considered it unnecessary; that Chaffin's right to take water for irrigation was not affected by the deed to Lees; but, to save all questions, he had better give the deed to Chaffin. And the plaintiff contended that the construction of the deed to Lees was a question for the jury in connection with the other facts in the case.

But the presiding judge ruled that, by virtue of the deed from the plaintiff to Lees, the defendant was entitled to the use of the water whenever it was necessary for the purposes of his mill, and that the plaintiff had deprived himself, to that extent, of the right to take water needed to irrigate his farm; and ruled that the construction of this deed could not be affected by the deed made by Lees to the plaintiff. A verdict was taken by consent for the defendant, and the plaintiff alleged exceptions.

*H. Chapin & E. B. Stoddard,* for the plaintiff, cited. *Curtis* v. *Mundy,* 3 Met. 405; *Kendall* v. *Lawrence,* 22 Pick. 540; *M'Mechan* v. *Griffing,* 3 Pick. 149.

*G. F. Hoar,* for the defendant. The rights of the parties must depend on the construction of the deed from the plaintiff to Lees, which was recorded before the deed from the executors of Lees to the defendant. The deed from Lees to the plaintiff not having been recorded until after the deed to the defendant, and the defendant not having had actual notice of it, cannot be

24*

allowed any effect against him, consistently with the words or intent of the registry acts. Rev. Sts. *c.* 59, §§ 1, 5, 28. *Boynton* v. *Rees*, 8 Pick. 329. *Pomroy* v. *Stevens*, 11 Met. 247. *Spofford* v. *Weston*, 29 Maine, 140. *Whittemore* v. *Bean*, 6 N. H. 47. *Bullen* v. *Runnels*, 2 N. H. 255.

DEWEY, J. In the opinion of the court, the rights of these parties do not depend solely upon the construction of the deed from the plaintiff to James Lees. It is said that the deed from Lees to the plaintiff, although bearing the same date as that from the plaintiff to Lees, was not recorded until after the execution of the deed by the executors of Lees to the defendant, and that no actual notice to Lees of the contents of this deed is shown.

But the deed of the executors of James Lees is a restricted conveyance, in its very terms. It is of an interest of which he died seized and possessed, and subject to all the limitations, charges and restrictions, created by the several deeds to and by said Lees. This opens the inquiry broadly enough to give effect to the deed by Lees to the plaintiff, and passes the estate and interest of Lees to the defendant subject to that deed.

The inquiry further will be, whether the plaintiff's rights have been interfered with by the defendant, giving full effect to the deed of Lees to the plaintiff, and giving effect to the evidence as to the manner in which the water had heretofore been taken and used, under the exception contained in the deed of Lovering to Braman.                                *New trial ordered.*